1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7    DAVID SHU,                          Case No. 20-cv-06536-HSG
8                 Plaintiff,             **ORDER DISMISSING FIRST**
                                         **AMENDED COMPLAINT**
9          v.
                                         Re: Dkt. No. 16
10   UNITED STATES OF AMERICA, et al.,
11              Defendants.
12
13         Plaintiff David Shu, representing himself, has filed a First Amended Complaint against

14   Defendant United States.  Dkt. No 16 ("FAC").  The FAC is now before the Court for review

15   under 28 U.S.C. § 1915.

16   **I.    INTRODUCTION**

17         On September 17, 2020, Plaintiff filed a complaint alleging that Defendant United States

18   violated the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and his former employer,

19   Defendant United States Postal Service ("USPS"), breached its contract with him in violation of

20   39 U.S.C. § 1208.  *See* Dkt. No. 1.  The Court denied Plaintiff's motion to proceed *in forma*

21   *pauperis*, finding Plaintiff had failed to state a claim.  *See* Dkt. No. 10.  The Court granted leave to

22   amend only as to the FTCA claim.  *Id.*  Plaintiff subsequently filed a First Amended Complaint,

23   bringing an FTCA claim against the United States.  *See* Dkt. No. 16.

24   **II.   LEGAL STANDARD**

25         Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before

26   directing the United States Marshal to serve the complaint.  *Escobedo*, 787 F.3d at 1234 & n.8.

27   The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted.

28   *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

United States District Court
Northern District of California

United States District Court
Northern District of California

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.    DISCUSSION

Plaintiff alleges that Defendant United States violated the FTCA, 28 U.S.C. § 2671–80. *See* FAC ¶ 1. Plaintiff's claim concerns his termination from his employment at the USPS following an arbitration conducted on March 24, 2015, by the "grievance-arbitration arbitrator Nancy Hutt." *Id.* ¶ 19. Plaintiff alleges that Hutt "certified a fraudulent traffic accident claim submitted by an individual 'Bacilio' and terminated Plaintiff's Postal Service employment based on Hutt's interpretation of law and adjudication of this traffic accident claim." *Id.* Plaintiff alleges that Hutt held herself out as licensed to practice law in California, that he discovered that Hutt was not licensed in California on February 19, 2018, and that he later learned she committed "various California Traffic Law violations." *Id.* ¶¶ 6, 24, 27–28, 30. Plaintiff maintains that Defendant "failed to disclose and/or to find" this information and should have disqualified Hutt as an arbitrator in his case in light of her "misrepresentation" and "concealment of fraud." *Id.* ¶ 14. Plaintiff's claims largely concern the alleged negligent hiring and retention of Hutt as an arbitrator that resulted in his termination, from which he has

"suffered devastating financial loss." *See id.* ¶¶ 16, 18.

Plaintiff alleges that Defendant's decision to hire and retain Hutt was "not discretionary," but rather governed by USPS policy and arbitrator codes of professional responsibility. *Id.* ¶ 46. Plaintiff cites portions of the USPS handbook. *Id.* ¶¶ 37, 46. Plaintiff alleges that Hutt's "dishonest and unethical misbehavior . . . made her unqualified and unsuitable to be the arbitrator according to USPS policy, rule and regulation." *Id.* ¶ 51. Plaintiff alleges that Hutt was required to have a license to practice law because the arbitration required interpreting California law. *Id.* ¶ 52. "[B]ecause the dispute involved complex issue[s], it was important to Plaintiff that the person selected as the arbitrator be a California attorney with the requisite experience[.]" *Id.* ¶ 53.

Even construing the complaint liberally, and affording Plaintiff the benefit of all reasonable inferences in his favor, the Court finds that Plaintiff fails to state a claim. Plaintiff alleges that the United States was negligent when it "hired, retained or selected an unqualified, unsuitable arbitrator, Nancy Hutt," who is allegedly not licensed to practice law in California, concealed fraud, and has misdemeanor convictions. *Id.* ¶¶ 11–15.

### A.   Administrative Exhaustion

In denying Plaintiff's motion to proceed *in forma pauperis*, the Court reasoned in part that it was unclear whether Plaintiff properly exhausted his administrative remedies as to his FTCA claim. *See* Dkt. No. 10 at 4. The Ninth Circuit has held that the FTCA "exhaustion requirement is jurisdictional in nature and must be interpreted strictly." *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). "A claim is deemed presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. I.R.S.*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)).

Although the FAC now makes clear that Plaintiff notified the appropriate federal agency, *see* FAC ¶¶ 8–9, Plaintiff's allegations still fail to meet the jurisdictional requirement of a "sum certain" under Section 2675(b), *see Blair*, 304 F.3d at 865 (noting "jurisdictional requirement of a 'sum certain' comes from" section 2675(b)). Section 2675(b) provides that "an action shall not be

United States District Court
Northern District of California

instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

The FAC states only that on January 26, 2020, Plaintiff "timely presented [his] FTCA claim in writing to USPS," and that USPS responded on April 3, 2020. *See* FAC ¶¶ 8–9. Plaintiff also attaches his letter to USPS. *Id.* at 42. Plaintiff's letter states only that he was requesting to be "made whole" regarding "all the damages," with the "amount to be calculated" at "the resolution date." *Id.* In response to the Court's order denying his motion to proceed *in forma pauperis*, Plaintiff argues that he cannot provide a "sum certain" because his losses are "ongoing" and can only be calculated at the resolution of his case. *See* Dkt. No. 16 at 5. This is insufficient under the statute. In *Blair*, the Ninth Circuit found that the plaintiff's medical expenses did not meet the statutory "sum certain" requirement precisely because, like here, the expenses were "still being incurred, with no end presently in sight." 304 F.3d at 863. The district court thus "did not have jurisdiction to adjudicate the medical expenses claim for which no sum certain was provided." *Id.* at 862.

Plaintiff's FAC does not plausibly allege that he included an amount of damages sufficient to show he presented an adequate claim prior to filing suit, or that the Court has jurisdiction to adjudicate the claim under the FTCA. And leave to amend would be futile based on what Plaintiff has already pled: the Court previously gave Plaintiff the opportunity to amend to address this issue, and his notice to USPS, attached to the FAC, leaves no room for the conclusion that he provided a "sum certain" as required to give this Court jurisdiction over his claim. *See Weisbuch v. Cnty. of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) ("[A] plaintiff may plead [him]self out of court" if he "plead[s] facts which establish that he cannot prevail on his . . . claim."); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

The Court **DISMISSES** the FTCA claim with prejudice.

1

2    **B.    Sovereign Immunity**

3        In denying Plaintiff's motion to proceed *in forma pauperis*, the Court found in the

4    alternative that Plaintiff's claims were barred by the doctrine of sovereign immunity because the

5    FTCA's discretionary function exception applied.  *See* Dkt. No. 10 at 4–6.

6        "The discretionary function exception . . . limits the FTCA's waiver of sovereign

7    immunity, and exempts any claim based on a government employee's 'exercise or performance or

8    the failure to exercise or perform a discretionary function or duty on the part of a federal agency or

9    an employee of the government, whether or not the discretion involved be abused.'"  *Teplin v.*

10    *United States*, No. 17-cv-02445-HSG, 2018 WL 1471907, at *4 (N.D. Cal. Mar. 26, 2018)

11    (quoting 28 U.S.C. § 2680(a)).  To determine if the exception applies, the Court applies a two-

12    pronged analysis.  "First, the challenged conduct must 'involve an element of judgment or choice,'

13    as determined by the 'nature of the conduct, rather than the status of the actor.'"  *Id.* (quoting *U.S.*

14    *v. Gaubert*, 499 U.S. 315, 322 (1991)).  "Second, the judgment of the government employee must

15    be 'of the kind that the discretionary function exception was designed to shield.'"  *Id.* (quoting

16    *Gaubert*, 499 U.S. at 322–23).

17        The Court finds that both prongs of the discretionary function exception are satisfied.  *See*

18    *Teplin*, 2018 WL 1471907, at *4 ("To the extent Plaintiff's claims against the United States are

19    based on a theory of negligent hiring, supervision, employment, and retention, they fall within the

20    FTCA's discretionary function exception and are accordingly barred by the doctrine of sovereign

21    immunity.").  First, Hutt's selection involved an element of judgment or choice, despite Plaintiff's

22    conclusory allegation that the decision to hire and retain Hutt was not discretionary.  *See* FAC

23    ¶ 46.  Second, the decision to appoint Hutt is susceptible to a policy analysis.  Her selection

24    inherently implicated a balance between the importance of addressing various employee

25    grievances, with different orders of priority, and the availability of arbitrators.  *See Nurse v.*

26    *United States*, 226 F.3d 996, 1001 (9th Cir. 2000) ("[E]mployment, supervision and training . . .

27    fall squarely within the discretionary function exception.").

28        Plaintiff argues that Hutt's unethical and dishonest behavior made her unqualified under

United States District Court
Northern District of California

1  USPS policy, and cites portions of the USPS Handbook that require potential employees to have

2  "personal qualifications consistent" with characteristics such as personal discipline and honesty.

3  Dkt. No. 16 at 7, 11; FAC ¶¶ 37, 51.  But the cited provisions, which concern screening for

4  potential employees, cannot reasonably be construed as stripping USPS of its discretion in hiring,

5  retention, and supervision.  Plaintiff still has not plausibly pointed to a law or rule beyond his

6  opinion that a "valid California licensed attorney" "should be required" as an arbitrator.[1]  *See* FAC

7  ¶ 38.

8      Thus, alternatively, the Court **DISMISSES** the FTCA claim on sovereign immunity

9  grounds.

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20

21  [1] Plaintiff cites various state law provisions concerning fraud and misrepresentation, *see* FAC ¶¶ 6,
    14 , 27, 29, but cites no specific law that would prevent Hutt from acting as an arbitrator without
22  being a licensed attorney in California.  Plaintiff generally claims that his case "involved complex
    federal and California law for fraud [and a] traffic accident," and that Hutt violated the
23  'Arbitrator's Qualifications and Responsibilities to the Profession," which indicates that "when an
    arbitrator decides that a case requires knowledge beyond the arbitrator's competence, the arbitrator
24  must decline appointment, withdraw, or request technical assistance." *See id.* ¶ 31.  Plaintiff
    further argues that Hutt's failure to disclose her traffic law violations "should have disqualified her
25  as an arbitrator in California as well as the arbitrator for plaintiff's arbitration pursuant to
    Guidelines & Minimum Qualifications of Arbitrators for the State Bar of California, National
26  Academy of Arbitrators, American Arbitration Association (AAA) and Federal Mediation and
    Conciliation Service." *See id.* ¶¶ 29, 30.  Plaintiff argues that Hutt's traffic law violations "made
27  her unsuitable" to adjudicate his case "because California traffic law is the center piece of the
    dispute." *See id.* ¶ 30.  None of these arguments, even assuming arguendo that they are relevant,
28  change the Court's conclusion regarding sovereign immunity, which is based on clear and
    controlling Supreme Court and Ninth Circuit case law.

**IV.    CONCLUSION**

Accordingly, the Court **DISMISSES** the FAC without leave to amend and with prejudice. The Court **STRIKES** Dkt. No. 22 from the docket.[2]  The Clerk is directed to enter judgment in favor of Defendants and close the case.  No requests for reconsideration or other motions will be considered or accepted in this closed case, and any issues Plaintiff wishes to raise must be raised in an appeal.

**IT IS SO ORDERED.**

Dated:    10/28/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Plaintiff filed a motion to quash the filing in this case of Judge Donato's denial of Plaintiff's motion to disqualify the undersigned in a related case.  *See* Dkt. No. 24.  Plaintiff argued that the order was "illegally applied" to this case, and appealed the issue to the Ninth Circuit (which dismissed the appeal because there was no appealable interlocutory order).  *See* Dkt. Nos. 21, 23, 37.  Judge Donato's order and Plaintiff's disqualification motion both explicitly reference this case, and there was nothing improper about entering the order on the docket here.  *See* Order Re Judicial Disqualification, *United States v. Hutt*, No. 21-cv-01292-HSG (N.D. Cal. Oct. 19, 2021), Dkt. No. 19, at 1 ("Pro se plaintiff Shu filed a request to disqualify Judge Gilliam under 28 U.S.C. § 455 from presiding over this case and another action, Case. No. 20-cv-06537-HSG."); *Id.*, Dkt. No. 16 ("Motion to Disqualify Judge Haywood S. Gilliam") at 6 (claiming that the undersigned "demonstrated his prejudice against the Plaintiff . . . in 20-CV-06536-HSG").  Regardless, to eliminate the need for any further litigation about this tangent, the Court will strike the order regarding judicial disqualification from the docket in this case, and instead simply take judicial notice of Judge Donato's finding, after referencing both cases, that there is no reasonable basis for disqualification.  *See* Order Re Judicial Disqualification at 1–2, *Hutt*, No. 21-cv-01292-HSG, Dkt. No. 19.  To the extent Plaintiff is also seeking to disqualify the undersigned in the 2020 case, Judge Donato's findings apply equally, and the Court finds no basis for disqualification.

United States District Court
Northern District of California